## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AARON SOUIRI, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )    Case No. CIV-26-190-SM |
| | ) |
| WARDEN WILLIAM CHRIS | ) |
| RANKINS, | ) |
| | ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

Petitioner Aaron Souiri, a state prisoner proceeding pro se,[1] seeks a writ

of habeas corpus under 28 U.S.C. § 2241.[2] Doc. 1.[3] Respondent moved to

dismiss, Doc. 16, and Petitioner replied, Doc. 20. So, the matter is at issue.

---

[1]    This Court construes "[a] pro se litigant's pleadings . . . liberally," holding them "to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[2]    Petitioner submitted his petition on the Court-supplied 28 U.S.C. § 2254 petition, *see* Doc. 3, but Petitioner is attacking the execution of his sentence. So, the Court construes the Petition as a § 2241 habeas petition. *See Davis v. Roberts,* 425 F.3d 830, 833 (10th Cir. 2005) ("[A] challenge to the execution of a sentence should be brought under 28 U.S.C. § 2241."). He also submitted a filing on the Court-supplied pro se prisoner civil rights complaint, again attacking the execution of his sentence. *See* Doc. 1. The Court liberally construes both documents to serve as his § 2241 petition. *See* Doc. 12, at 1 n.1.

[3]    Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

For the reasons below, the undersigned recommends the Court grant Respondent's motion to dismiss, Doc. 16, and deny Petitioner's habeas petition and dismiss the matter.

## I.    Petitioner's claims.

Petitioner alleges an equal protection violation, challenging his disciplinary violation. Doc. 1, at 6; Doc. 3, at 6. While housed at the Bill Johnson Correctional Center, Petitioner received a Class X-25 violation for sexual harassment of a staff member, and Petitioner seeks to undo this charge. *See* Doc. 1, at 14-16.

The Court construes Petitioner's claim as alleging a violation of his Fourteenth Amendment due process rights in his disciplinary proceedings.

As to exhaustion for his claim, Petitioner states that the Oklahoma Court of Criminal Appeals "seems to be at a standstill." Doc. 3, at 6. He also states he has "grievanced the issue to the Executive Director to intervene . . . to seemingly no avail." *Id.* at 7. He indicates that he is unsure whether his claim "may fall under" 42 U.S.C. § 1983, and that he has "not yet pressed" the equal protection claim, as he is "seeking U.S. D.O.J. involvement." *Id.* at 12. He seeks "the removal of any disciplinary write-up from [his] file for actions less barbaric than physical assault [and] battery" and to "refer to U.S. D.O.J. for further review, due to wrongful death issue." Doc. 1, at 7; *see also* Doc. 3, at 15.

2

## II.    Respondent's motion to dismiss.

In part, Respondent moves for dismissal for failure to state a claim, based on Petitioner's failure to exhaust his administrative remedies. *See* Doc. 16, at 3*; see, e.g.*, *Aguilera v. Kirkpatrick*, 241 F.3d 1286, 1289-90 (10th Cir. 2001) (discussing the appropriateness of a Rule 12(b)(6) dismissal in proceedings arising under § 2241). In ruling on such a motion, the Court's function "'is not to weigh potential evidence that the parties might present at trial, but to assess whether the [petition] alone is legally sufficient to state a claim for which relief may be granted.'" *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1135-36 (10th Cir. 2014) (quoting *Peterson v. Grisham,* 594 F.3d 723, 727 (10th Cir. 2010)). To that end, "'[a]ll well-pled factual allegations are accepted as true and viewed in the light most favorable to the nonmoving party.'" *Id.*

The Court notes that Respondent relies on exhibits attached to his motion to dismiss, which would ordinarily require the Court to convert the motion into one for summary judgment. *See Brokers' Choice of Am., Inc.,* 861 F.3d 1081, 1103 (10th Cir. 2017). Here, however, Respondent's exhibits contain information relevant to Petitioner's exhaustion attempt, Doc. 16, Exs. 3, 4, & 5. *See* Doc. 3, at 6, 7, 12. For that reason, the Court need not convert the motion into one for summary judgment. *See GFF Corp. v. Associated Wholesale*

3

*Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997) ("Notwithstanding . . . general principles, if a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss."); *Perez-Romero v. Warden, GPCF/BOP, U.S.*, No. CIV-18-852-F, 2019 WL 2018481, at *2 (W.D. Okla. April 15, 2019) (construing Respondent's motion to dismiss under Rule 12(b)(6), and not converting to a Motion for Summary Judgment under similar circumstances).

## III.    Petitioner has failed to exhaust the required administrative remedies.

### A.    Section 2241's exhaustion requirement.

Although 28 U.S.C. § 2241 includes no explicit exhaustion requirement, exhaustion of available remedies is required for petitions brought under that statute. *Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010); *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) ("A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254."). Exhaustion requirements give agencies "an opportunity to correct [their] own mistakes . . . before [they are] hauled into federal court." *Woodford v. Ngo*, 548 U.S. 81, 89 (2006) (quotations omitted). The exhaustion

4

requirement is satisfied when the petitioner "us[es] all steps that the agency holds out." *Id.* at 90 (quotation omitted).

### B.    Oklahoma Department of Corrections' (DOC) exhaustion policy.

Applicable to this action is DOC Policy OP-060125, "Inmate/Offender Disciplinary Procedures." *See* Doc. 16, Ex. 2. According to OP-060125 at (VIII)(A), an inmate has fifteen (15) calendar days after receipt of the disposition of a disciplinary proceeding to submit an appeal to the facility head (or equivalent). *Id.* at 26. Then, if the facility head affirms the finding of guilt, the inmate may then appeal to the Administrative Review Authority (ARA) and the appeal must be received by the ARA within fifteen (15) calendar days of the inmate's receipt of the due process review from the facility head and "there is no mailbox rule."[4] *Id.* at 29. If an appeal is returned for being untimely, "the inmate may make one request to submit a disciplinary appeal out of time by completion of the 'Request to Submit a Misconduct/Grievance Appeal out of Time.'" *Id.* at 30.

---

[4]    "The prison mailbox rule, as articulated by the Supreme Court in *Houston v. Lack*, 487 U.S. 266, 276 (1988), holds that a pro se prisoner's notice of appeal will be considered timely if given to prison officials for mailing prior to the filing deadline, regardless of when the court itself receives the documents." *Price v. Philpot*, 420 F.3d 1158, 1163-64 (10th Cir. 2005) (S. Ct. and L.Ed.2d citations omitted).

C.      **Petitioner failed to exhaust his administrative remedies.**

On December 26, 2024, Petitioner was served with a Class X-25 misconduct. Doc. 16, Ex. 3, at 1. After a December 31, 2024 hearing, Petitioner was found guilty of misconduct on January 2, 2025. *Id.* at 28. Petitioner appealed the misconduct on January 18, 2025, and the misconduct was affirmed on January 24, 2025. *Id.* at 29, 31. Petitioner received notice of this on January 27, 2025. *Id.* at 31. On February 7, 2025, the ARA received Petitioner's letter dated January 29, 2025. *Id.* at 32. On February 20, 2025, the ARA returned the letter as improperly filed, because "[w]riting letters" is not part of "the inmate grievance process." *Id.* at 41.

Petitioner filed a Misconduct Appeal with the ARA, dated February 12, 2025, and the ARA received it on March 7, 2025. *Id.* at 42-44. The ARA returned the appeal as improperly filed, because it was "[r]eceived out of time," which meant Petitioner had forfeited his opportunity to file an appeal. *Id.* at 45. On March 17, 2025, Petitioner sought to appeal the misconduct out of time and his request was denied as his appeal "ha[d] not been declared out of time by [the ARA]," so his "request to file an appeal out of time [was deemed] premature." *Id.* at 46. In a submission filed at some point during the process, Petitioner withdrew his appeal. Doc. 16, Ex. 4, at 5.

6

Respondent has submitted an affidavit from Stacey Sullivan, Administrative Manager of the ARA, who confirms that Petitioner filed the appeal and that it was received out of time. *Id.* Ex. 5. Ms. Sullivan, determined that "Inmate Souiri has not exhausted his administrative remedies with ARA." *Id.*

Petitioner needed to exhaust his administrative remedies before filing his habeas petition under 28 U.S.C. § 2241 and he has not done so. While it is true that exhaustion of administrative remedies is not required when it would be futile,[5] "[t]he futility exception . . . is quite narrow . . . . [and only] appl[ies] . . . when there has been an adverse decision disposing of the precise issue raised by the petitioner." *Bun v. Wiley*, 351 F. App'x 267, 268 (10th Cir. 2009). And Petitioner does not suggest that the futility exception applies to his case. Instead, the facts and arguments underlying Petitioner's claim must have been presented in the first instance through the administrative remedies available within the DOC. Because Petitioner has failed to exhaust those administrative

---

[5]    *See Wilson v. Jones*, 430 F.3d 1113, 1118 (10th Cir. 2005) ("A habeas petitioner seeking relief under 28 U.S.C. § 2241 is generally required to exhaust state remedies. However, that requirement is not applicable when the prisoner has no adequate remedy such that exhaustion would be futile.") (internal citation omitted).

remedies, the Court should grant Respondent's motion and dismiss the Petition.

## IV. Recommendation and notice of right to object.

For the reasons set forth above, the undersigned recommends the Court grant Respondent motion to dismiss, Doc. 16, deny Petitioner habeas relief and dismiss the Petition, Docs. 1, 3.

The undersigned advises Petitioner of his right to file an objection to this Report and Recommendation with the Clerk of this Court by June 19, 2026, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. The undersigned further advises the parties that failure to make timely objections to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). This Report and Recommendation disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 28th day of May, 2026.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE

8